# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL AVILA,<br><br>          Plaintiff,<br><br>vs.<br><br>JERRY BROWN, et al.,<br><br>          Defendants. | 1:17-cv-01328-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION, AND EMERGENCY MOTION<br><br>(ECF Nos. 10, 12)<br><br>**THIRTY-DAY DEADLINE** |

### I. Introduction

Plaintiff Daniel Avila is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Plaintiff initiated this action on October 3, 2017. (ECF No. 1.) Before the Court could screen Plaintiff's original complaint, he filed a first amended complaint on December 28, 2017. (ECF No. 10.) In screening Plaintiff's first amended complaint, the Court determined that he alleges his First Amendment rights were violated while he was housed at Kern Valley State Prison ("KVSP"). An order screening the first amended complaint, and granting Plaintiff leave to file a second amended complaint was issued concurrently with these findings and recommendations.

Along with Plaintiff's first amended complaint, he also filed a motion for emergency relief. (ECF No. 10, at 6-9.) Further, on March 16, 2018, Plaintiff filed a motion for an order to

1

show cause for a preliminary injunction. (ECF No. 12.) The Court now addresses these pending motions, below.

## II. Discussion

In Plaintiff's motions he seeks a preliminary injunction requiring prison officials to allow him an opportunity to exchange his black ink pen fillers once per day, and allowing him to possess all his paper-based legal materials.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id*. at 22 (citation omitted).

"[A] court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc*., 395 U.S. 100, 110 (1969); *SEC v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Similarly, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969.

In this case, in screening Plaintiff's first amended complaint, the Court found no cognizable claims, no defendant has been served, and no defendant has appeared. Thus, this matter does not yet proceed on any cognizable claims. Further, the claim Plaintiff raises involves First Amendment allegations against officials employed at KVSP. However, he has since been transferred and is currently housed at California State Prison, Cocoran. The pendency of this action does not give the Court jurisdiction over prison officials generally, and the Court lacks jurisdiction to issue the relief Plaintiff seeks here.

**III. Conclusion and Recommendations**

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for emergency relief (ECF No. 10, at 6-9) be denied; and
2. Plaintiff's motion for an order to show cause for a preliminary injunction (ECF No. 12) be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 17, 2018**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE