# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DANIEL AVILA,<br><br>        Plaintiff,<br><br>    vs.<br><br>JERRY BROWN, et al.,<br><br>        Defendants. | 1:17-cv-01328-LJO-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 10)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Daniel Avila ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Plaintiff initiated this action on October 3, 2017. (ECF No. 1.) Before the Court could screen Plaintiff's original complaint, he filed a first amended complaint on December 28, 2017. (ECF No. 10.) Plaintiff's first amended complaint is currently before the Court for screening.

## I.    <u>Screening Requirement and Standard</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.**      **Summary of Plaintiff's Allegations**

Plaintiff is currently incarcerated at California State Prison, Corcoran. The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP"). Plaintiff names the following KVSP correctional officers as defendants: (1) C. Byrum; (2) P. Melo; (3) R. Phillips; and (4) J. Baker.

In his amended complaint, Plaintiff alleges that his First Amendment rights were violated. Specifically, Plaintiff alleges that on multiple occasions between October 23, 2017, and November 19, 2017, he requested to exchange his state-issued pen filler because it was empty. Due to the amount of writing Plaintiff does, coupled with the tiny two-inch length of the

pen filler, Plaintiff uses one filler per day.  Defendants Byrum, Melo, Phillips and Baker denied Plaintiff's requests each time he asked them during pipe count, dinner or tray pick up.  These defendants allegedly told Plaintiff that he only was allowed to exchange his empty pen filler once every two weeks.  However, they also acknowledged their own policy authorizing Plaintiff to exchange an empty pen filler as needed because he was not allowed to possess his own personal pen filler in an Ad-Seg Unit.  Plaintiff explained to each defendant that there is no limit as to how much mail Plaintiff can send, or write to be sent, so the as needed clause in the policy allows Plaintiff to exchange his pen filler every time it becomes empty and he is unable to write mail.  Plaintiff alleges that he has only utilized his pen filler for its intended purpose, to write. All four defendants complained that Plaintiff's writings are crazy, provocative, extremist and draw way to much attention from prison administrators.

Plaintiff also alleges that defendants' refusal to exchange his state-issued pen filler when it becomes empty and he is unable to write is injuring Plaintiff's ability to maintain two state court civil actions, submit administrative appeals, state board claims and pleading documents in the instant action.  Plaintiff reportedly has two state small claims action in which he must appear via voluminous declarations.  He is not allowed to make personal or telephonic appearances. Plaintiff alleges that he must lay out the entire trial on paper and create an entire transcript in his own handwriting.  Plaintiff contends that there is no limitation as to how many pages he may submit for trial so long as volumes are partitioned every 300 pages.  Plaintiff contends that he must draft his pages and then rewrite it all into a legible final.  Plaintiff contends that he is at a standstill and suffering actual injury from his inability to write as needed the text required to maintain those court actions, along with submission of administrative appeals, state board claims, and pleading documents in the instant case.  Plaintiff asserts that he has been forced to violate prison policy in order to obtain the ink necessary to draft and finalize this pleading and attached emergency relief motion.  Plaintiff further alleges that he is drafting his petition for writ of habeas corpus, which he must submit in 2018.  Plaintiff alleges that he had to stop because he has no ink.

Plaintiff requests that the Court grant his motion for emergency relief, issue declaratory

relief that his First Amendment rights were violated, and grant compensatory and punitive damages. Plaintiff's attached motion for emergency relief seeks an order directing that CDCR provide him one opportunity per day to exchange his state-issued pen filler.

### III. Discussion

#### A. Original/First Amended Complaint

In his first amended complaint, Plaintiff numbers his First Amendment claims as "Claim # 2" and "Claim # 3." (ECF No. 10 at 3, 4.) While not entirely clear, it appears that Plaintiff is improperly attempting to add his First Amendment claims to the claims asserted in his original complaint. Plaintiff is advised, however, that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. In other words, Plaintiff must plead all claims that he seeks to pursue in any amended complaint. The Court will not refer to a prior complaint to determine which claims Plaintiff is attempting to pursue in this action, and the Court will limit its screening to the First Amendment claims asserted in the amended complaint filed on December 28, 2017.

#### B. First Amendment Claims

##### 1. Right to Send Mail

Although inmates have a First Amendment right to send and receive mail, prison officials "may adopt regulations which impinge on an inmate's constitutional rights if those regulations are 'reasonably related to legitimate penological interests.' " Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)). Plaintiff does not allege that defendants have enacted regulations resulting in censorship of his outgoing mail. Instead, Plaintiff alleges that the failure of prison officials to provide free pen fillers upon request interfered with his First Amendment right to send mail. Prisoners, however, do not have a constitutional right to unlimited free access to the mail, and Plaintiff's allegations regarding the failure provide free pen fillers every day for non-legal mail and this does not state a cognizable claim for relief. See LeBlanc v. Soto, No. CV 15-05174 JLS (AFM), 2017 WL 4046670, at *8 (C.D. Cal. May 2, 2017), report and recommendation adopted, No. CV

15-05174 JLS (AFM), 2017 WL 4022361 (C.D. Cal. Sept. 11, 2017) (finding that prisoner's allegations that prison officials failed provide free pen fillers and paper interfered with his First Amendment right to send non-legal mail did not state a plausible claim for relief).

Further, Plaintiff does not set forth any factual allegations suggesting that the actions of defendants in not providing free pen fillers precluded him from an ability to write or otherwise send mail. Rather, Plaintiff admits that he has been able to write multiple administrative appeals resulting in an appeal abuse warning. (ECF No. 10 at 2.) Plaintiff also admits circumventing prison policy to draft the instant amended complaint and motion for emergency relief. The Court therefore finds that Plaintiff's allegations are not sufficient to state a First Amendment claim with respect to non-legal mail.

### 2. Access to Courts

Plaintiff also alleges that defendants' failure to provide him with pen filler interfered with his First Amendment right of access to the courts. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Further, in order to state a claim for the denial of court access, a prisoner must establish that he suffered an actual injury. Id. at 349. "[A]ctual injury [is] actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." Id. at 348. The prisoner "must identify a 'nonfrivolous,' 'arguable' underlying claim" and the specific remedy he lost, in order to give the defendant fair notice of his allegations. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518 U.S. at 353, 353 n.3).

Here, Plaintiff alleges that the denial of pen fillers has injured his ability to maintain two state court civil actions (small claims) or submit administrative appeals, state board claims or pleading documents in the instant case. With the exception of the instant case, the right of access to the courts does not apply to Plaintiff's small claims actions, administrative appeals or state board claims. With respect to the instant case, there is no indication that Plaintiff has been injured by the lack of pen fillers. According to the record, Plaintiff has been able to file two complaints, along with a motion and purported order to show cause. There is no indication that

defendants' actions, at his former prison, have otherwise interfered with the current prosecution of the instant case.

### C. Grievance Procedure

To the extent Plaintiff complains that defendants' actions denied him access to the administrative appeals process, he fails to state a cognizable claim. A prisoner has no constitutional right to an effective grievance or appeal procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Moreover, as noted above, Plaintiff has been able to submit multiple administrative appeals such that he has received a warning regarding appeal abuse.

### D. Injunctive Relief

Insofar as Plaintiff seeks injunctive relief in the form of pen filler or other writing supplies, any such request is now moot. Plaintiff is no longer housed at Kern Valley State Prison, where he alleges the incidents at issue occurred, and where the prison officials are employed. Therefore, any injunctive relief he seeks against the officials at Kern Valley State Prison is moot. See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

### IV.    Conclusion and Order

Plaintiff's amended complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations

1 | must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S.

2 | at 555 (citations omitted).

3 | Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated

4 | claims in his first amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no

5 | "buckshot" complaints).

6 | Finally, Plaintiff is again advised that an amended complaint supersedes the original

7 | complaint. <u>Lacey.</u>, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be

8 | "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

9 | Based on the foregoing, it is HEREBY ORDERED that:

10 | 1. The Clerk's Office shall send Plaintiff a complaint form;

11 | 2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a

12 | second amended complaint curing the deficiencies identified by the Court in this order;

13 | and

14 | 3. If Plaintiff fails to file an amended complaint in compliance with this order, the

15 | Court will recommend dismissal of this action, with prejudice, for failure to obey a court

16 | order and for failure to state a claim.

17 |

18 | IT IS SO ORDERED.

19 | Dated: **April 17, 2018**          /s/ *Barbara A. McAuliffe*

20 | UNITED STATES MAGISTRATE JUDGE

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |