# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL AVILA,<br><br>        Plaintiff,<br><br>vs.<br><br>JERRY BROWN, et al.,<br><br>        Defendants. | 1:17-cv-01328-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR THE FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(Doc. 21)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Daniel Avila is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Currently before the Court for screening is Plaintiff's second amended complaint, filed on July 2, 2018. (Doc. 21.)

**I.**     <u>**Screening Requirement and Standard**</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff names Governor Jerry Brown as the sole defendant in this action. Plaintiff asserts that the Los Angeles Superior Court judge who sentenced him to 148 years to life in prison, in a criminal matter, did not have jurisdiction to enter the judgment. Plaintiff seeks a declaration that there is a lack of jurisdiction to enforce his sentence.

**III.     Discussion**

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under … 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983

action." *Id*. (internal citation omitted). Federal courts lack habeas jurisdiction over claims by state prisoners that are not within "the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (*en banc*), *cert. denied*, 137 S. Ct. 645 (2017). A prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence. *Id*. at 934. "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at "the core of habeas corpus,' and may be brought, if at all, under § 1983." *Skinner v. Switzer*, 562 U.S. 521, 534 n.13 (2011) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *Nettles*, 830 F.3d at 934.

Here, Plaintiff is challenging the validity of his conviction, which impacts the duration of his sentence. His argument that he only challenges to halt the enforcement of his sentence due to lack of jurisdiction has no merit, and that therefore his cause of action may proceed in a § 1983 civil rights action, has no merit.

The proper avenue to seek the relief Plaintiff desires is by way of habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Plaintiff is advised that the proper venue for challenging the execution of his sentence is the district court containing the sentencing court, while the proper venue to challenge the execution of his sentence is the district court containing the prison in which a petitioner is incarcerated. 28 U.S.C. § 2241(d). Accordingly, to the extent Plaintiff wishes to challenge the duration of his confinement, he must file a habeas corpus petition in the district court containing the sentencing court.

Plaintiff has previously been granted leave to amend in this action, and was unable to cure the deficiencies identified in his pleadings. Now, he only asserts the cause of action discussed above. Further amendment is futile in this case, because the deficiencies here cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend); *see also Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (a civil rights complaint seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of habeas corpus).

**IV. Conclusion and Order**

For the reasons explained above, IT IS HEREBY RECOMMENDED that Plaintiff's action be dismissed for failure to state a cognizable claim for relief under 28 U.S.C. § 1915A.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 9, 2018**        /s/ *Barbara A. McAuliffe*
                               UNITED STATES MAGISTRATE JUDGE

4