**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL AVILA., <br>       Plaintiff, <br> v. <br> JERRY BROWN, et al., <br>       Defendants. | Case No.: 1:17-cv-01328-LJO-BAM (PC) <br><br> Appeal No. 18-16960 <br><br> ORDER REVOKING *IN FORMA PAUPERIS* STATUS ON APPEAL <br><br> (Doc. No. 36) |

## I. Introduction

Plaintiff Daniel Avila is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on October 3, 2017. (Doc. No. 1.) Before the Court could screen Plaintiff's original complaint, he filed a first amended complaint on December 28, 2017. (Doc. No. 10.) On April 17, 2018, the Court screened Plaintiff's first amended complaint, which alleged violations of his First Amendment rights based on a lack of writing supplies. (Doc. No. 15.) The Court found no cognizable claim for relief, but granted Plaintiff leave to amend within thirty days. (*Id*.) Following rulings other motions and requests for extensions of time, Plaintiff filed a second amended complaint on July 2, 2018. (Second Am. Compl., Doc. No. 21.)

1

On July 9, 2018, the assigned magistrate judge screened Plaintiff's second amended complaint, and issued findings and recommendations. (Doc. No. 23.) The magistrate judge found that Plaintiff alleged that the Los Angeles Superior Court judge who sentenced Plaintiff to 148 years to life in prison in a criminal matter did not have jurisdiction to enter the judgment in that case, and Plaintiff sought release based on the lack of jurisdiction. (*Id*. at 2.) The magistrate judge recommended dismissal of this action, as the asserted claim was not cognizable under Section 1983 and had to be brought, if at all, by way of a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. (*Id*. at 2-4.)

Plaintiff was given fourteen days to file his objections to the findings and recommendations. (*Id*. at 4.) Plaintiff then sought an extension of time to file objections, (Doc. No. 25), which was granted, (Doc. No. 26). On September 4, 2018, Plaintiff timely filed an objection, on extension, asserting that his claim cannot be properly brought in habeas corpus because he only attacks the jurisdictional underpinning of his criminal conviction. (Doc No. 27.)

On September 5, 2018, the Court adopted the findings and recommendations in full, over Plaintiff's objection, finding that the objection had no merit. (Doc. No. 29.) The Court dismissed this action for the failure to state a claim under Section 1983. Judgment was entered the next day, on September 6, 2018. (Doc. No. 30.) On October 10, 2018, Plaintiff filed a notice of appeal. (Doc No. 34.)

## II. *In Forma Pauperis* Status

On October 23, 2018, the Ninth Circuit Court of Appeals referred the matter back to this Court for the limited purpose of determining whether *in forma pauperis* status should continue for the appeal. (Doc. No. 36). *See* 28 U.S.C. § 1915(a)(3); *see also Hooker v. Amer. Airlines*, 302 F.3d 1091 1092 (9th Cir. 2002) (revocation of *in forma pauperis* status is appropriate where district court finds the appeal to be frivolous).

Plaintiff's notice of appeal states that he appeals this Court's dismissal of his action because it should have been without prejudice. Alternatively, Plaintiff argues that this Court erred because it had the discretion to issue the relief that he sought. Plaintiff further argues that he should not suffer a "strike" for the dismissal.

///

Plaintiff's appeal is legally frivolous. This Court's dismissal of his action was not done with prejudice, contrary to his assertion. *See* Sept. 5, 2018 Order at 2; *see also* July 9, 2018 Findings & Recommendations at 3 (citing *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995)) (a civil rights complaint seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of habeas corpus).

Nor did this Court have the discretion to issue the relief to Plaintiff that he sought, as he incorrectly argues. His second amended complaint solely named Governor Jerry Brown as the defendant, and challenged his sentence from a criminal judgment in Los Angeles Superior Court Case No. BA410376. Plaintiff sought for the execution of his sentence to be halted, and for him to be released. (Second Am. Compl. 5-6, 10.) As Plaintiff was instructed, the proper venue for challenging the execution of his sentence is the district court containing the sentencing court. 28 U.S.C. § 2241(d). To the extent that Plaintiff seeks to bring a petition for habeas corpus as the Court understands it, this United States District Court for the Eastern District of California is not the proper court.

Finally, Plaintiff cannot appeal from the dismissal order in this action the issue of whether that dismissal counts as a "strike" under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). "Generally, 'district courts do not issue these strikes one by one, in their orders of judgment,' because nothing in the PLRA requires them to do so." *Furnace v. Giurbino*, 838 F.3d 1019, 1029 (9th Cir. 2016) (quoting *Andrews v. King*, 398 F.3d 1113, 1119 n.8 (9th Cir. 2005)), *cert. denied*, 137 S. Ct. 2195, 198 L. Ed. 2d 262 (2017). Instead, a later court will make a backwards-looking inquiry to determine whether to assess a strike against Plaintiff under the PLRA, when ruling upon whether he may proceed *in forma pauperis* in a future action. *See id.* (quoting 28 U.S.C. § 1915(g).) The dismissal order and judgment in this action do not "assess" any strike against Plaintiff.

**III. Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The appeal is declared frivolous and not taken in good faith;

2. Pursuant to 28 U.S.C. § 1915(a)(3), Plaintiff is not entitled to proceed *in forma pauperis* in Appeal No. 18-16960, filed on October 9, 2018;

///

3. Pursuant to Federal Rule of Appellate Procedure 24(a)(4), this order serves as notice to the parties and the United States Court of Appeals for the Ninth Circuit of the finding that Plaintiff is not entitled to proceed *in forma pauperis* for this appeal; and

4. The Clerk of the Court is directed to serve a copy of this order on the parties and the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated: **October 25, 2018**            /s/ Lawrence J. O'Neill
                                                   UNITED STATES CHIEF DISTRICT JUDGE